IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Clomer Lynch, | ) | C/A No. 0:13-2843-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Clomer Lynch, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

PJG

     (1)     whether the claimant is engaged in substantial gainful activity;

     (2)     whether the claimant has a "severe" impairment;

     (3)     whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

     (4)     whether the claimant can perform his past relevant work; and

     (5)     whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



## ADMINISTRATIVE PROCEEDINGS

In December 2010, Lynch applied for DIB and SSI, alleging disability beginning November 26, 2008. Lynch's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on May 4, 2012, at which Lynch, who was represented by Michael B. Freeman, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on July 20, 2012 concluding that Lynch was not disabled. (Tr. 23-37.)

Lynch was born in 1963 and was forty-five years old at the time of his alleged disability onset date. (Tr. 176.) He obtained a general equivalency diploma and has past relevant work experience as a technician for a natural gas company, a pipeline equipment operator, and a short-term laborer for a temp agency. (Tr. 214.) Lynch alleged disability due to severe anxiety, depression, type II diabetes, cirrhosis of the liver, hepatitis C, chronic fatigue, high blood pressure, and acid reflux. (Tr. 213.)

In applying the five-step sequential process, the ALJ found that Lynch had not engaged in substantial gainful activity since November 26, 2008—his alleged onset date. The ALJ also determined that Lynch's diabetes mellitus, major depressive disorder, anxiety disorder, and dependent personality disorder were severe impairments. However, the ALJ found that Lynch did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Lynch retained the residual functional capacity to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with certain additional limitations. Specifically, the claimant is capable of lifting and/or carrying 50 pounds occasionally and 25 pounds frequently. The claimant is capable of sitting, standing and walking for 6 hours each out of an 8-hour workday. The claimant can



perform work involving simple, one-two step tasks and occasional contact with the public.

(Tr. 28-29.) The ALJ found that Lynch was unable to perform any past relevant work, but that there were jobs that existed in significant numbers in the national economy that Lynch could perform. Therefore, the ALJ found that Lynch was not disabled from November 26, 2008 through the date of his decision.

Lynch submitted additional evidence to the Appeals Council, which denied his request for review on August 20, 2013 making the decision of the ALJ the final action of the Commissioner. (Tr. 1-6.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



**ISSUES**

Lynch raises the following issues for this judicial review:

1. Opinion evidence. The ALJ must provide an accurate evaluation of the opinion evidence. In this case the ALJ's rejection of the opinions of Dr. Smith and Mr. Friddle were based on a mistaken understanding of the law in regard to evaluation of the opinions of other medical sources, on findings of fact that are not supported by the record, and on notes of improvement in function that do not indicate the level of function after improvement. Where the ALJ discounts treating opinion evidence for reasons that [] are either not based in the actual facts of this case, or else are based on reasons that are not logically or legally sound, has a legal error been committed that is not harmless?

2. Credibility. In assessing a claimant's credibility the ALJ's decision must contain specific reasons for his finding, supported by the evidence in the case record. The only reasons supplied by the ALJ for discounting credibility are either not logically probative according to well-established case law, or else are based on misstatements of fact. Whatever evidence might exist in the record, if the ALJ bases his conclusions as to credibility on reasons that are either not logically probative, or else are based on misstatements of fact, is there a legal error that mandates remand?

3. Where new evidence is submitted to the Appeals Council that is sufficiently material that it might have affected the Commissioner's final decision, the Meyer case requires that evidence be weighed. In this case there was such evidence, and the Appeals Council explicitly refused to weigh it. Where there is new and material evidence submitted at the Appeals Council, and where that evidence might have affected the findings of the fact-finder, must the case be remanded so that [the] Commissioner can weigh that evidence?

(Pl.'s Br., ECF No. 12.)

**DISCUSSION**

Although Lynch presents several issues, the court finds that remand is warranted on issue three, which impacts Lynch's remaining issues. Therefore, the court addresses this issue first.

As explained by Lynch in his brief, this issue stems from the fact that after the ALJ's decision, Lynch submitted new evidence to the Appeals Council consisting of a representative brief dated October 9, 2012; a record from the Department of Social Services dated October 25, 2007; and



a statement dated November 1, 2012 and signed by both Joseph Friddle, PA-C, and Dr. Jeffrey Smith. Lynch argues that remand is warranted for the Commissioner to properly consider and weigh the new opinion evidence from Friddle and Dr. Smith, which states in its entirety as follows:

> I have treated Clomer Lynch as his mental health care provider from 10/21/10 - 8/6/12. I usually see once every 3 months. Dr. Jeffrey Smith reviews all my cases, but Mr. Lynch has not been seen by him since his initial evaluation with us. Mr. Lynch has multiple medical problems for which he does not receive adequate medical treatment. He has liver problems and blood pressure problems that have not been adequately treated or diagnosed due to his financial limitations. When I see Mr. Lynch in the office he presents with depressed affect. He is occasionally tearful. He is fidgety and anxious. His anxiety definitely affects his concentration. His thought process is scattered. He has poor judgement. When I see him in the office he does appear to be in pain. He moves around in his seat and grimaces. Based on my experience with him in the office, Mr. Lynch would experience interruptions to concentration sufficient to frequently interrupt tasks throughout the work day due to his anxiety. He would not be able to respond appropriately to ordinary work stressors, which would exacerbate his anxiety and thus his concentration problems. He has a history of substance abuse and has occasionally had relapses but he would suffer from the limitations I describe above regardless of any issue of substance abuse.

(Tr. 8.) The Appeals Council acknowledged and considered the representative brief and the record from the Department of Social Services; however, it found that the additional evidence did not provide a basis for changing the ALJ's decision. Further, the Appeals Council stated, "We also looked at the medical record from Joseph Friddle PA-C, dated November 1, 2012 (two pages). The Administrative Law Judge decided your case through July 20, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 20, 2012." (Tr. 2.)

The law provides that evidence submitted to the Appeals Council with the request for review must be considered in deciding whether to grant review " 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.' " Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (*en banc*) (quoting



Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990)). Evidence is new "if it is not duplicative or cumulative." Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. When a claimant seeks to present new evidence to the Appeals Council, he is not required to show good cause for failing to present the evidence earlier. Id. at 96 n.3; cf. 20 C.F.R. §§ 404.970(b), 416.970(b).

Furthermore, the United States Court of Appeals for the Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011). In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*)). If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Meyer Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

According to Lynch, the new evidence warrants remand for further consideration under controlling law. In light of the circumstances and contents of this record, the court is constrained to agree that remand is warranted. The court finds that the Appeals Council erred in finding that the



new opinion evidence signed by Friddle and Dr. Smith did not relate to the period on or before the date of the ALJ's decision. Although the opinion was dated after the ALJ's decision, it clearly relates to the period on or before the date of the ALJ's decision because the opinion indicates that it relates to dates of service between October 21, 2010 to August 6, 2012, which encompasses the relevant time period. Wilkins, 953 F.2d at 95-96; see Reichard v. Barnhart, 285 F. Supp. 2d 728, 733 (S.D.W. Va. 2003) (stating that the requirement that new evidence must relate to the period on or before the date of the ALJ's decision "does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time."); cf. Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 345 (4th Cir. 2012) (holding that the Commissioner "must give retrospective consideration to medical evidence created after a claimant's last insured date when such evidence may be 'reflective of a possible earlier and progressive degeneration.' "). Further, the court finds that this evidence is not cumulative or duplicative, and in fact, appears to address some of the reasons offered by the ALJ in discounting earlier opinion evidence. (Cf. Tr. 34) (finding that opinions from Friddle and Dr. Smith were entitled to little weight, in part, because the ALJ found the opinions "appear[ed] to be based upon the claimant's needs rather than upon an objective medical evaluation of his mental abilities and limitations"). Accordingly, this evidence, if properly considered, could impact the weight given to the prior opinions of Friddle and Dr. Smith as well as Lynch's residual functional capacity assessment. Therefore, the court finds that this new opinion evidence is material, and without analysis of this evidence the court cannot determine whether the ALJ's decision is supported by substantial evidence. See Wilkins, 953 F.2d at 96 ("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."); see also Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole



record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits).

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Lynch's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Lynch may present his remaining arguments concerning the ALJ's alleged errors in evaluating the opinion evidence and Lynch's credibility, including alleged factual errors, on remand.

## RECOMMENDATION

For the foregoing reasons, the court finds that remand is warranted pursuant to Wilkins and Meyer and therefore recommends that this matter be remanded to the Commissioner so that the ALJ can consider the additional evidence.

October 21, 2014  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).