IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Clomer Lynch,                              )
                                           )
        Plaintiff,                         )
                                           )       Civil Action No. 0:13-2843-RMG
vs.                                        )
                                           )
Carolyn W. Colvin, Acting Commissioner     )
of Social Security,                        )       **ORDER**
                                           )
        Defendant.                         )
                                           )

     Plaintiff has brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking

judicial review of the final decision of the Commissioner of Social Security denying his claim for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with

28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States

Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and

Recommendation ("R & R") on October 21, 2014, recommending that the Commissioner's

decision be reversed and remanded. (Dkt. No. 16). The Commissioner advised the Court that

she would not file objections to the R & R. (Dkt. No. 18). As set forth in more detail below, the

Court reverses the decision of the Commissioner because of the agency failed to adhere to the

standards of the Treating Physician Rule and to comply with the requirements of *Meyer v.

Astrue*, 662 F.3d 700 (4th Cir. 2011) to weigh and reconcile new and material evidence offered

for the first time to the Appeals Council.

-1-

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating

physicians. 20 C.F.R. § 404.1527(b). This includes the duty to "evaluate every medical opinion

we receive." *Id.* § 404.1527(c). Special consideration is to be given to the opinions of treating

physicians of the claimant, based on the view that "these sources are likely to be the medical

professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical

impairment(s) and may bring a unique perspective to the medical evidence that cannot be

obtained from objective medical findings alone or from reports of individual examinations, such

as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Under some

circumstances, the opinions of the treating physicians are to be accorded controlling weight.

Even where the opinions of the treating physicians of the claimant are not accorded controlling

weight, the Commissioner is obligated to weigh those opinions in light of a broad range of

factors, including the examining relationship, the treatment relationship, length of treatment,

nature and extent of the treatment relationship, supportability of the opinions in the medical

record, consistency, and whether the treating physician was a specialist. *Id.* §§ 404.1527(c)(1)-

(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians

and to give "good reasons" in the written decision for the weight given to a treating source's

opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996). Further, the Commissioner is

obligated to consider information provided by other professional health care providers not

technically falling within the Social Security definition of an "acceptable medical source," such

as therapists, who may be able to provide "valuable functional information" concerning the

claimant's condition. 20 C.F.R. § 404.1513(a),(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1,

§ 12.00(D)(1)(c).

A claimant may offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge ("ALJ") renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record. The Social Security Regulations do not require the Appeals Council expressly to weigh the newly produced evidence and reconcile it with previously produced conflicting evidence before the ALJ. Instead, the regulations require only that the Appeals Council make a decision whether to review the case, and, if it chooses not to grant review, there is no express requirement that the Appeals Council weigh and reconcile the newly produced evidence. *Meyer v. Astrue*, 662 F.3d 700, 705-06 (4th Cir. 2011).

As the Fourth Circuit addressed in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all the evidence is "one-sided," a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. *Id.* at 707. However, where the "other record evidence credited by the ALJ conflicts with the new evidence," there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* Remand is necessary because "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

-4-

## Factual Background

Plaintiff applied for Social Security disability benefits with an alleged onset date of November 26, 2008. The Administrative Law Judge ("ALJ") found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date and had severe impairments that included major depressive disorder, anxiety and dependent personality disorder. Transcript of Record ("Tr.") 25. Nonetheless, the ALJ determined that Plaintiff did not meet any requirements for disability on the basis of a Listing and the fact that Plaintiff retained the residual functional capacity for medium work. Tr. 26-35.

In reaching those conclusions, the ALJ found that the opinions expressed in medical records prepared by a physician assistant, Joey Friddle, an employee of Piedmont Psychiatric Services, were entitled to "little weight" because Friddle was not a physician or a psychologist and his opinions appeared to be based "upon the claimant's needs rather than upon an objective medical evaluation of his mental abilities and limitations." Tr. 34. The ALJ also addressed opinions expressed by Mr. Friddle and Dr. Jeffrey Smith, a board certified psychiatrist, on a form dated November 7, 2011, which indicated that Plaintiff's major depressive disorder and severe anxiety would render him incapable of handling routine job stresses and "perform necessary job tasks accurately and efficiently." Tr. 390-91. The ALJ indicated that he gave "this form little weight" because it was allegedly inconsistent with the records of Piedmont Psychiatric Services, where Dr. Smith practices. Tr. 34. The ALJ did not reference, however, findings of Dr. Smith from an October 21, 2010 office visit with Plaintiff that included "severe" major depression, depressed affect, "lack of energy, motivation and interest," "difficulty concentrating," "feelings of hopelessness," "frequent crying spells," "sleep loss," "psychomotor agitation," "dysphoric and

anhedonic" mood, and anxiety. Tr. 332. Dr. Smith gave Plaintiff a Global Assessment of Functioning Score ("GAF") of 40.[1]

While the ALJ accorded little weight to the opinions of Plaintiff's treating specialist physician, Dr. Smith, he gave considerable weight to the various "state agency psychological consultants," who were not identified by name or level of expertise. The ALJ found that their opinions were in accord with other treatment records. Tr. 33-34. None of these state consultants ever assessed or treated Plaintiff.

Subsequent to the ALJ's adverse decision in this matter, Plaintiff submitted to the Appeal Council a new statement signed by Dr. Smith and Mr. Friddle that set forth in greater detail the findings of these treating providers. The treating providers explicitly incorporated the time period from October 2010 through August 2012 as applicable to their opinions. This statement specifically addressed problems with concentration, chronic pain, depression and anxiety and the combined effect of these conditions on Plaintiff's ability to function in the workplace. Tr. 8.

The Appeals Council declined to review Plaintiff's appeal and indicated that it had disregarded the newly submitted materials from Dr. Smith and Mr. Friddle because "this new information is about a later time." Tr. 2. This statement is obviously in error since the relevant time period of Plaintiff's disability claim clearly falls within the time frame set forth in the newly

---

[1] A GAF score ranges from 0-100 and measures the patient's level of functioning in personal, school and work areas. The GAF scale was adopted by the Diagnostic and Statistical Manual of Mental Disorders ("DSM IV") and is widely used by clinicians to measure the current level of a patient's functioning. A GAF score of 40, which was received by Plaintiff from Dr. Smith following his October 21, 2010 office visit, reflected "major impairment in several areas," including work, and a score between 31-40 is associated with being "unable to work." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders*, 32 (Text Revision 4th ed. 2000).

submitted materials. Further, the Appeals Council (and no other fact finder) considered the

substance of the newly submitted material or attempted to weigh and reconcile it with other

evidence previously considered by the ALJ.

## Discussion

The decision of the ALJ contains two glaring deficiencies, both which independently

support reversal and remand. First, the Commissioner pledges to "evaluate every medical

opinion we receive" and to give special weight to treating physicians, particularly specialist

physicians. § 404.1527(b), (c). Here, the most critical findings of Plaintiff's treating specialist

physician, Dr. Smith, contained in the October 21, 2010 office visit, went unmentioned and his

opinions, contained in a document dated November 7, 2011, were given "little weight" by the

ALJ. Instead, the opinions of unnamed state consultants, none of whom were apparently

psychiatrists (like Dr. Smith) or had ever laid eyes on the Plaintiff, were credited. In reaching

this conclusion, the ALJ made no mention of the standards of the Treating Physician Rule and

provided no evidence such legal factors were considered in weighing the opinions of Plaintiff's

treating physician. On remand, all of the opinions of Plaintiff's treating specialist provider

should be considered, weighed and reconciled with the opinions of the non-examining and non-

treating experts in accord with the standards set forth in the Treating Physician Rule.[2]

Second, the Commissioner disregarded the new and material information submitted by

Dr. Smith to the Appeals Council. This was done on the erroneous finding that the opinions

_____

[2] It was also error to dismiss the opinions of Mr. Friddle simply because he was not a licensed physician or psychologist. The opinions of "other health care providers," such as Mr. Friddle, a physician assistant working in a psychiatric practice, should be considered, particularly in regard to "functional information." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)(1)(c).

-7-

expressed in the newly submitted materials did not apply to the relevant time period.  Moreover, the Commissioner failed to weigh the opinions expressed by Dr. Smith and to reconcile them with the conflicting opinions credited by the ALJ, as mandated by the Fourth Circuit's decision in *Meyer*.

### Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

November 18, 2014
Charleston, South Carolina

-8-